**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011[*]
Decided November 16, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1848

| | |
|---|---|
| RALPHFIELD HUDSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 10-cv-478-bbc |
| | |
| JAMIE PENAFLOR, | Barbara B. Crabb, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Ralphfield Hudson, a federal inmate, seeks damages under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that Jamie Penaflor, a physician's assistant at a federal prison in Wisconsin, violated the Eighth Amendment by refusing to treat a rash on his arms and legs. The district court concluded that Hudson failed to exhaust his administrative remedies, *see* 42 U.S.C. § 1997e(a), and granted summary judgment to Penaflor. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In January 2008 Hudson filed a "Request for an Administrative Remedy," also called a "BP-9," *see* 28 C.F.R. § 542.14(a), complaining to the warden that Penaflor had failed to treat swelling and pain in his left knee and leg, as well as a rash on his legs, left arm, and one finger. He attached a copy of an informal complaint, labeled a "BP-8," in which he accused Penaflor of refusing to provide proper treatment for the swelling in his leg and the rash on his arm. In response, the warden wrote that a health-services administrator had visited Hudson to discuss his complaint and that Hudson had "indicated that each issue had been resolved." The warden did not mention the swelling or the rash specifically.

Hudson appealed the warden's response to the regional director, using form BP-10. *See* 28 C.F.R. § 542.15(b)(1). He wrote that the "issues" had "not been addressed properly" because Penaflor "refused" to provide proper treatment. And the health-services administrator, he insisted, "did not take any steps to help with the problem." He then complained specifically about the swelling without mentioning the rash. In the last line of his appeal, he referred to attached copies of his BP-8 and BP-9. The regional director affirmed the warden's decision, noting that prison medical staff complied with prison regulations in treating Hudson's condition.

Within a month, Hudson appealed to the Bureau of Prison's Central Office, using form BP-11. *See* 28 C.F.R. § 542.15(b)(1). He said that he "could not walk or stand without pain or sleep because of the swelling," and he again referred to and attached his BP-8 and BP-9. He again did not mention the rash. An administrator at the Central Office denied the appeal, concluding that Hudson was "receiving medical care and treatment in accordance with Bureau policy."

Hudson then filed this *Bivens* action, alleging only that Penaflor acted with deliberate indifference in refusing to treat the rash. Penaflor countered by producing Hudson's grievance record and moved to dismiss the complaint for failure to exhaust administrative remedies. Penaflor pointed out that BOP regulations require prisoners appealing a grievance to "state specifically the reason for the appeal," 28 C.F.R. § 542.15(b)(1), and argued that, by not mentioning the rash in either of his administrative appeals, Hudson failed to meet that requirement.

The district court dismissed Hudson's complaint, determining that he failed to state specifically that the rash was the reason for his BP-11 appeal. The court accepted Hudson's remark in his BP-10 that "issues" had "not been addressed properly"—along with his attachment of the BP-8 and BP-9—as sufficient to raise his concern about the rash, but concluded that the BP-11 was insufficient because it "focuses solely on the swelling." Since the parties had submitted documents outside the public record and did not dispute the facts

about exhaustion, the court converted the motion to dismiss into a motion for summary judgment and granted it.

Hudson now argues that the district court attached "insupportable significance" to his failure to mention the rash in his BP-11. In response, the government contends that Hudson insufficiently raised his concern about the rash in either his BP-10 or BP-11 and therefore failed to exhaust his administrative remedies with regard to either form.

The government's argument is persuasive. Because federal prisoners must comply with BOP regulations to properly exhaust administrative remedies, *see Jones v. Bock*, 549 U.S. 199, 218 (2007); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002), they are prohibited from raising issues in federal court that they did not "state specifically" as a reason for their administrative appeals, *see* 28 C.F.R. § 542.15(b)(1). This rule furthers the policies underlying § 1997e(a) by enabling prison officials to fairly adjudicate prisoners' claims and discouraging prisoners from skirting the administrative process. *See Jones*, 549 U.S. at 203–04; *Woodford v. Ngo*, 548 U.S. 81, 90, 95 (2006). Even if we construed Hudson's BP-10 in his favor, the closest that form came to addressing the rash was to assert vaguely that "issues" had "not been addressed properly" and to incorporate by reference other documents that described the rash, among other concerns. These actions were insufficient to "state specifically" that the rash was a reason for his appeal, so he failed to exhaust his administrative remedies.

**AFFIRMED**.